Renee Choy Ohlendorf (SBN 263939)
rchoy@hinshawlaw.com
HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
San Francisco, CA 94111
Telephone:    415-362-6000
Facsimile:    415-834-9070

Attorneys for Defendant TD Bank USA, National Association

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Martha Lugo,<br><br>              Plaintiff,<br><br>       vs.<br><br>Experian Information Solutions, Inc.; Bloomingdales, Inc.; TD Bank USA, National Association; Wells Fargo Home Mortgage, Inc.; and DOES 1 through 100, inclusive,<br><br>              Defendants. | Case No. 5:16-cv-04647-EJD<br><br>**DEFENDANT TD BANK USA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date: March 23, 2017<br>Time: 9:00 a.m.<br>Place: Courtroom 4 – 5th Floor<br><br>[Request for Judicial Notice and Proposed Order Concurrently Filed]<br><br>Complaint Filed: August 12, 2016 |

**TO THIS HONORABLE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on March 23, 2017 at 9:00 a.m., in Courtroom 4 of the above-entitled Court, located at 280 South 1st Street, San Jose, California, 95113, Defendant TD BANK USA, N.A. (hereinafter "TD Bank"), will and hereby does move for an Order pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following grounds:

   1.   The first claim for violation of the Section 1681s-2(b) of the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b) ("FCRA"), fails to state a claim upon which relief can be granted; and

2. The second claim for violation of Section 1785.25(a) of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.25(a) ("CCRAA"), fails to state a claim upon which relief can be granted.

The Motion to Dismiss is based upon this Notice, the Memorandum of Points and Authorities in support thereof, all other pleadings and records on file in this action, as well as such oral argument or other evidence that this Court may consider at the hearing of this Motion.

HINSHAW & CULBERTSON LLP

By: */s/ Renee Choy Ohlendorf*
Renee Choy Ohlendorf
Attorneys for Defendant TD Bank USA, National Association

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Martha Lugo alleges that TD Bank USA, N.A. ("TD Bank") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the California Consumer Credit Report Agencies Act ("CCRAA"), Civil Code section 1785.25(a), by purportedly furnishing inaccurate credit information to Experian Information Solutions, Inc. ("Experian"). Ms. Lugo specifically claims that TD Bank inaccurately reported a charge-off on her Target-brand credit card account after she had filed for Chapter 13 bankruptcy and confirmed her plan of reorganization. Ms. Lugo's claims against TD Bank both fail as a matter of law.

First, Ms. Lugo's FCRA claim necessarily fails because it is not inaccurate or misleading for a credit furnisher, like TD Bank, to report otherwise accurate delinquencies on a debtor's account simply because the debtor has filed for Chapter 13 bankruptcy. Likewise, it is not inaccurate or misleading for TD Bank to continue reporting those delinquencies after confirmation of the debtor's plan of financial reorganization because regardless of whether the debtor's plan requires repayment of the debt, the debt still exists. Ms. Lugo does not dispute that her account was charged-off when she filed for bankruptcy. As a matter of law, TD Bank was permitted to continue reporting that delinquency after she filed her bankruptcy action and her FCRA claim should be dismissed accordingly. Ms. Lugo's FCRA claim should also be dismissed because she has failed to allege sufficient facts to show that TD Bank's actions caused her any concrete injury, as required for her to have standing to bring a claim under the FCRA.

Second, Ms. Lugo's claim under the CCRAA necessarily fails because it is based on the same alleged misconduct as her FCRA claim. TD Bank respectfully requests that the Court dismiss Ms. Lugo's Complaint against TD Bank accordingly.

### II. FACTS

As it must for purposes of this motion, TD Bank takes the factual allegations of the Complaint as true. Ms. Lugo alleges that she filed for Chapter 13 bankruptcy protection on January 25, 2012 (Cmpl., ¶ 5.) The bankruptcy court confirmed Ms. Lugo's plan of financial

reorganization on March 21, 2012. (*Id.*; Reqst. for Jud. Not., Exhs. A and B.)[1] Under the terms of the confirmed plan, unsecured non-priority creditors were to be paid pro tanto and have received a .64% distribution to date. (Cmpl., ¶¶ 6-7.)

On March 16, 2016, Ms. Lugo ordered a three bureau report from Experian. (*Id.* at ¶ 8.) According to the Complaint, the TD Bank tradeline incorrectly reported Ms. Lugo's account as charged off. (*Id.* at ¶ 11.) At some unspecified point in time, Ms. Lugo disputed the purportedly inaccurate tradeline with Experian, Equifax, and TransUnion, LLC. (*Id.* at ¶¶ 14-15.) The Complaint alleges that TD Bank "continued to report falsely to Experian Information Solutions, Inc. misleading and inaccurate account information." (*Id.* at ¶ 17.) While somewhat unclear, it seems this allegation is based on a second three bureau report Ms. Lugo obtained from Experian on July 30, 2016. (*See id.* at ¶ 19.)

### III. LEGAL ANALYSIS

#### A. Motion to Dismiss Standard.

Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the legal sufficiency of the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)); *see also Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121-22 (9th Cir. 2008) ("A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949; *see also Twombly,* 127 S. Ct.

---

[1] There are two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). "First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity ... is not contested and the plaintiff's complaint necessarily relies on them. *Id.* "Second, under Fed. R. Evid. 201, a court may take judicial notice of matters of public record." *Id.* at 688-89.

at 1959 (mere "labels and conclusions" and/or "formulaic recitation[ s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss). Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Twombly*, 127 S. Ct. at 1959. To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." *Id.* at 1950.

"All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 127 S. Ct. at 1974. A court may dismiss claims without granting leave to amend if amending the complaint would be futile. *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1258 (9th Cir. 2007) ("Granting Vasquez leave to amend would have been futile, and we hold that the district court did not err in preventing such futility.").

### B. Ms. Lugo's FCRA Claim Fails as a Matter of Law.
#### 1. The Complaint does not (and cannot) allege that the "charge-off" notation was inaccurate at the time Ms. Lugo filed for bankruptcy.

Ms. Lugo first alleges that by continuing to report that her account was charged-off after she filed for Chapter 13 bankruptcy, TD Bank violated the FCRA by "failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts." (Cmpl., ¶ 27.) Ms. Lugo's FCRA claim fails because, as a matter of law, the information reported by TD Bank was complete and accurate.

Under the FCRA, once a furnisher receives notice from a credit reporting agency that a consumer disputes information being reported, the furnisher must conduct its own investigation and, if the investigation shows that the information is inaccurate or incomplete, report its findings to the credit reporting agency. 15 U.S.C. § 1681s-2(b)(1). Many courts, including several in this District, have held that reports of prior delinquencies during the bankruptcy proceedings are not "incomplete and inaccurate" information for the purposes of the FCRA. *See e.g., Giovanni v. Bank of Am., N.A.*, 2012 WL 6599681, at *5-*6 (N.D. Cal. Dec. 18, 2012) ("*Giovanni I*") (rejecting plaintiff's contention that reporting derogatory credit information during a bankruptcy stay inaccurately

indicates that the account is in active status and subject to collection); *Giovanni v. Bank of Am., N.A.*, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17, 2013) ("*Giovanni II*") ("[Creditor] moves to dismiss to the extent Giovanni's claims are premised on [creditor]'s reporting delinquent payments while her bankruptcy petition was pending .... The court previously dismissed Giovanni's claims on this basis and does so again here for the same reasons."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) ("*Mortimer II*") ("The debtor is under no legal obligation to pay [] discharged debts .... However, this does not change the underlying fact that, during the pendency of the bankruptcy, the account was delinquent."); *Mortimer v. Bank of Am., NA.*, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013) ("*Mortimer III*") ("The automatic stay does not render an otherwise accurate report of a delinquency inaccurate for the purposes of the FCRA.").

Moreover, contrary to what Ms. Lugo suggests, TD Bank was <u>not</u> required to remove the charge-off notation simply because her Chapter 13 reorganization plan was confirmed. Indeed, this exact argument was recently rejected by another District Court in *Abeyta v. Bank of America*, No. 2:15-cv-02320, 2016 WL 1298109, at *1 (D. Nev. Mar. 31, 2016).[2] In *Abeyta*, the plaintiff alleged that it was inaccurate for Bank of America to report a delinquency during her Chapter 13 bankruptcy because she was current with her obligations under her Chapter 13 plan. *Id.* at *2. The Court rejected the plaintiff's argument, holding:

> No allegation of actual falsity has been made. Plaintiff's . . . allegations . . . that it was false for BOA to report the debt because Plaintiff's legal obligations to pay the debt and BOA's legal rights to collect it were altered when Plaintiff filed for Chapter 13 bankruptcy protection, i.e., under the automatic stay, the confirmation plan, and the eventual discharge. The Court rejects this argument. As the Court noted in the previous motion to dismiss, the Bankruptcy Code prevents certain collection activities, but it does not alter the fact of delinquency.

*Id.* The Court also recognized that "Congress explicitly declined via the FCRA to prevent the reporting of delinquencies as to discharged debts for seven years and bankruptcies themselves for ten. Congress has thereby chosen a balance between rescuing consumers from overwhelming debt by

---

[2] Although the *Abeyta* decision is not binding on this Court, its well-reasoned arguments are persuasive.

providing a discharge mechanism and protecting potential creditors going forward by permitting the reporting of delinquencies concerning the discharged debt, as well as the fact of bankruptcy itself, for the relevant periods." *Id.* Because a delinquent debt remains delinquent and can be reported after a debtor files for Chapter 13 bankruptcy as a matter of law, TD Bank's reporting of the charge-off on Ms. Lugo's account was accurate, and her FCRA claim is necessarily dismissed.

### 2. Ms. Lugo's Complaint fails to allege any facts to plausibly establish that she suffered any actual damages.

The Supreme Court recently issued an opinion in *Spokeo, Inc. v. Robins*, concluding that a plaintiff's failure to plead facts plausibly establishing that he suffered any actual damages caused by the alleged statutory violations renders his claims legally deficient under Rule 12(b)(6). No. 13-1339, 2016 WL 2842447 (U.S. May 16, 2016). In her Complaint, Ms. Lugo alleges that she suffered the following actual damages: "inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, [and] cost of pulling credit reports." (Cmpl., ¶ 34.) Ms. Lugo does not, however, allege any specific facts to support her alleged damages and the Complaint fails under *Spokeo* as a result.

In *Spokeo*, the Supreme Court first recognized that "as the party invoking federal jurisdiction, [Plaintiff] bears the burden of establishing" the "'irreducible constitutional minimum' of standing," including that she "suffered an injury in fact." *Id.* at *5 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Friends of the Earth, Inc.*, 528 U.S. 167, 180-181 (2000); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) 'actual and imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560).

The Supreme Court reiterated that the Court has "made it clear time and again that an injury in fact must be both concrete and particularized." *Spokeo*, 2016 WL 2842447, at *6. It is not enough that an injury "affect the plaintiff in a personal and individual way" but, rather, a plaintiff's injury must "actually exist." *Id.* at *7. In other words, it must be "real" and not "abstract." *Id.* Importantly, the Supreme Court concluded that although an alleged harm may be intangible, a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory

right and purports to authorize that person to sue to vindicate that right." *Id.* A concrete injury is required "even in the context of a statutory violation." *Id.* As a threshold matter, a plaintiff must clearly allege facts demonstrating that "the particular procedural violations alleged . . . entail a degree of risk sufficient to meet the concreteness requirement" of establishing an injury-in-fact to establish Article III standing. *Id.* at *8.

While Ms. Lugo attempts to satisfy *Spokeo* by providing a list of her purported "damages," the Complaint fails to assert any facts plausibly establishing that he incurred such actual damages or even establishing that the alleged "damages" are cognizable actual damages. For example, Ms. Lugo alleges that she was "unable to properly reorganize under Chapter 13." (Cmpl., ¶ 34.) It is unclear from the Complaint what Ms. Lugo even means by this allegation, let alone how she alleges she suffered actual harm in her Chapter 13 reorganization efforts. Ms. Lugo similarly alleges she incurred actual damages by reviewing credit reports and sending demand letters, but it is unclear from the Complaint what credit reports or demand letters she is referring to, when they were respectively obtained or sent, or what cognizable harm she actually suffered by these actions. Such bare allegations do not come close to the concrete harm required by *Spokeo*.

Not only does Ms. Lugo fail to offer any facts establishing actual injury, she also fails to allege any facts to establish a causal nexus between her alleged damages and the alleged inaccurate reporting of her credit by TD Bank as required to establish standing under *Spokeo*. Indeed, the Complaint is silent as to how reporting a charge-off on the account caused Ms. Lugo any actual damage (and it is difficult to comprehend how such reporting could damage Ms. Lugo, given that it is the filing of the bankruptcy that causes any harm to Ms. Lugo's credit score). Because she does not plead any facts plausibly establishing that she sustained any concrete injury, any actual damages, or that her alleged damages were sustained as a direct consequence of TD Bank's allegedly inaccurate reporting during her Chapter 13 bankruptcy, Ms. Lugo lacks standing under Article III to pursue the alleged FCRA claim against TD Bank, and the Complaint should be dismissed as to TD Bank accordingly.

### C. Ms. Lugo's CCRAA Claim Fails as a Matter of Law.

Ms. Lugo's second cause of action alleges that TD Bank violated California's CCRAA. Like her FCRA claim, this claim is based on her allegation that TD Bank intentionally and knowingly reported misleading and inaccurate information to Experian after she filed for Chapter 13 bankruptcy. (*See* Cmpl., ¶¶ 35-42.) "[B]ecause the CCRAA is substantially based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions." *Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quotation omitted). As detailed above, it is not inaccurate under the FCRA for a furnisher of credit to continue reporting delinquent credit information after a debtor files for Chapter 13 bankruptcy. Therefore, like her FCRA claim, Ms. Lugo's claim under the CCRAA claim fails as a matter of law and is properly dismissed.

## IV. CONCLUSION

Based on the foregoing, TD Bank requests that this Court dismiss Ms. Lugo's Complaint against TD Bank in its entirety and with prejudice.

Dated: September 27, 2016                                  HINSHAW & CULBERTSON LLP

By: */s/ Renee Choy Ohlendorf*
Renee Choy Ohlendorf
Attorneys for Defendant TD Bank USA, National Association

# CERTIFICATE OF SERVICE

**Martha Lugo v. Experian Information Solutions, Inc.; Bloomingdales, Inc.; TD Bank USA, National Association; Wells Fargo Home Mortgage, Inc.; and DOES 1 through 100, inclusive**

**5:16-cv-04647-EJD**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California 94111.

On September 27, 2016, I served the document(s) entitled **DEFENDANT TD BANK USA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6)**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☐ **(BY MAIL):** I deposited such envelope in the mail at San Francisco, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **(VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling, via UPS following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked up by UPS at San Francisco, California.

☐ **(BY ELECTRONIC MAIL):** By transmitting a true copy thereof to the electronic mail addresses as indicated below.

☒ **(BY CM/ECF SERVICE):** I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

| Counsel for Plaintiff – Martha Lugo<br>Scott J. Sagaria<br>Elliot W. Gale<br>Joe B. Angelo<br>Scott M. Johnson<br>Sagaria Law, P.C.<br>2033 Gateway Place, 5th Fl.<br>San Jose, CA 95110<br>Tel:  (408) 279-2288<br>Fax:  (408) 279-2299 | sjsagaria@sagarialaw.com<br><br>egale@sagarialaw.com<br><br>jangelo@sagarialaw.com<br><br>sjohnson@sagarialaw.com |
|---|---|

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on September 27, 2016, at San Francisco, California.

                              /s/ Carla Rossi
                              Carla Rossi

3526805v1 0990441