UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARTHA LUGO,

        Plaintiff,

   v.

EXPERIAN INFORMATION SOLUTIONS,
INC., et al.,

        Defendants.

Case No. 5:16-cv-04647-EJD

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS**

Re: Dkt. No. 71

Plaintiff Martha Lugo ("Plaintiff") has re-pled a previously dismissed cause of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i(a), against Defendant Experian Information Solutions, Inc. ("Experian") in a Second Amended Complaint ("SAC"). And as before, Experian moves to dismiss the cause of action under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 71.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331, and the court finds this matter suitable for decision without oral argument. Civ. L.R. 7-1(b). After reviewing the amended allegations, the court has determined the SAC still does not state a plausible FCRA claim against Experian. Thus, Experian's Motion to Dismiss will be granted for the reasons explained below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The basic factual allegations remain largely unchanged from the prior version of the complaint. Plaintiff alleges she filed for Chapter 13 bankruptcy protection on January 23, 2012, "in order to reorganize and repair" her credit-worthiness and FICO Score.[1] SAC, Dkt. No. 68, at ¶

---

[1] Plaintiff explains that a FICO Score consists of a three-digit number summarizing a consumer's credit risk. SAC, at ¶ 23.

United States District Court
Northern District of California

94.  The bankruptcy court confirmed a reorganization plan on March 21, 2012, which Plaintiff alleges allowed creditors a 0.64% disbursement of their filed claims.  Id. at ¶¶ 97, 98.  Plaintiff received a discharge on February 20, 2015.  Id. at ¶ 100.

Over a year later, on April 15, 2016, Plaintiff alleges she ordered a "three bureau report from [Experian] to ensure proper reporting" by her creditors.  Id. at ¶ 101.  She was "dismayed" to learn that her credit scores were below 600 "despite being four years removed from filing Chapter 13."  Id.

Plaintiff also noticed "5 different trade lines" on her credit report which purportedly contained inaccurate, misleading, or incomplete information "that did not comport with credit reporting industry standards."  Id. at ¶ 102.  For example, Plaintiff alleges one of her creditors, TD Bank USA, National Association, reported her account beginning in 4352 as "charged off" even though it was discharged as part of Plaintiff's bankruptcy.  Id. at ¶ 111.  In addition, Plaintiff alleges that "[f]or the entire duration of Plaintiff's Chapter 13 TD Bank failed to update the [Consumer Information Indicator or "CII"] to D and also failed to list the CII H upon discharge."  Id.[2]

Plaintiff alleges she disputed TD Bank's inaccurate trade line by certified mail with Experian, Equifax, Inc. and TransUnion, LLC on June 23, 2016, and believes that these credit reporting agencies ("CRAs") sent her dispute to TD Bank through an "automated credit dispute verification," or "ACDV," known as "e-OSCAR."  Id. at ¶¶ 103, 108.  Plaintiff then ordered a second "three bureau report from Equifax" to ensure that her accounts had been updated.  Id. at ¶ 109.  Plaintiff alleges that TD Bank has refused to update the inaccurate trade line.  Id. at ¶ 113.  She also alleges Experian failed to send all relevant information to furnishers.  Id. at ¶ 134.

Plaintiff initiated the instant action on August 12, 2016, and filed a FAC on October 16,

---

[2] Like the FAC, the SAC explains that the Consumer Data Industry Association has "adopted a standard electronic data reporting format called the Metro 2 format."  SAC, at ¶ 39.  A CII is "a critical field within the Metro 2 Format that indicates a special condition that applied to a specific consumer."  Id. at ¶ 56.  A CII code of "D" indicates that a Chapter 13 bankruptcy petition has been filed and is active, but no discharge has been entered.  Id. at ¶ 60.  A CII code of "H" denotes that a Chapter 13 bankruptcy has been discharged.  Id. at ¶ 63.

Case No.: 5:16-cv-04647-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
2

2016. Dkt. No. 24. The court granted motions to dismiss that pleading on May 19, 2017. Dkt. No. 67. Plaintiff then filed the SAC and this motion followed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

When deciding whether to grant a motion to dismiss, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

Also, the court usually does not consider any material beyond the pleadings for a Rule 12(b)(6) analysis. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). Exceptions to this rule include material submitted as part of the complaint or relied upon in the complaint, and material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

## III. DISCUSSION

### A. Statutory Authority

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote

efficiency in the banking system, and protect consumer privacy." Safeco Inc. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). The statutory scheme imposes obligations on both furnishers of credit information and on CRAs, like Experian. It also "expressly creates a private right of action for willful or negligent noncompliance with its requirements." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 20009) (citing 15 U.S.C. §§ 1681n, 1681o).

As to CRAs, § 1681i(a)(1)(A) provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

In connection with a "reasonable investigation," the CRA must also promptly notify the furnisher of a consumer's dispute and must provide the furnisher with all relevant information received from the consumer. 15 U.S.C. § 1681i(a)(2). Thus, Plaintiff must establish the following elements to state a plausible claim against Experian under § 1681i: "(1) [her] credit files contained inaccurate or incomplete information; (2) [she] directly notified Defendant of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) Defendant failed to respond to the dispute; and (5) Defendant's failure to reinvestigate caused Plaintiff to suffer actual damages." Taylor v. First Advantage Background Servs. Corp., 207 F. Supp. 3d 1095, 1103 (N.D. Cal. 2016).

**B.    Application**

**i.    Inaccurate Information**

As before, Experian argues Plaintiff failed to allege her credit report contained inaccurate or misleading information with respect to her account with TD Bank. More specifically, Experian argues its reporting of Plaintiff's TD Bank account as "charged off" with a zero balance and zero past due balance, as opposed to "discharged" in bankruptcy, is not misleading because the "charged off" status does not suggest the account is the subject of ongoing collection attempts.

Keeping fidelity to the FCRA, the court finds otherwise.

The FCRA's statement of purpose provides that "[i]naccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). It also recognizes that CRAs have "assumed a vital role" in the banking system, and their "grave responsibilities" must be exercised with "fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3), (a)(4).

It is under the lens of the FCRA's purpose that Plaintiff's allegations and the instant arguments must be examined. To satisfy the first element of a § 1681i claim against Experian, the FCRA requires Plaintiff to show her credit report contained an inaccuracy, either because the information "'is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" <u>Gorman</u>, 584 F.3d at 1163 (quoting <u>Sepulvado v. CSC Credit Servs., Inc.</u>, 158 F.3d 890, 895 (5th Cir. 1998)). Here, Plaintiff alleges her Experian credit report showed an account with TD Bank was "charged off" rather discharged during her bankruptcy proceedings,[3] and that such reporting "alerts the lending world that Plaintiff has an outstanding debt that still exists and is still collectable against Plaintiff personally." SAC, at ¶¶ 111, 118. Plaintiff also alleges that reporting the accounts as "charged off" allows lenders to "draw a more negative inference" and see her as a higher credit risk. <u>Id</u>. at ¶ 119.

Construing the SAC in Plaintiff's favor, the court finds she has plausibly alleged an inaccuracy on her credit report that was "patently incorrect." As opposed to the FAC, the SAC explains how an erroneous notation of "charged off" could undermine public confidence in the correctness of financial information, as well as how Experian may have failed to fairly exercise its "grave" responsibility with respect to consumer financial information. The SAC's inaccuracy allegations are therefore consistent with the FCRA's purpose. <u>See</u> <u>Nelson v. Chase Manhattan</u>

---

[3] This allegation is confirmed by Plaintiff's credit report, which Experian submitted and which the court has reviewed as a document upon which the SAC necessarily relies. <u>See</u> <u>United States ex rel. Lee v. Corinthian Colleges</u>, 655 F.3d 984, 999 (9th Cir. 2011).

Mortg. Corp., 282 F.3d 1057 (9th Cir. 2002) (holding that "a primary purpose" of the FCRA is "to protect consumers against inaccurate and incomplete credit reporting").

For its part, Experian does not contend the reporting of Plaintiff's TD Bank account was accurate; instead, it argues the erroneous classification is not misleading under the FCRA because it does not suggest ongoing collection attempts and could not affect credit decisions. But Experian's interpretation of the SAC is beside the point when it comes to pleading an inaccuracy, particularly since the facts at this stage must be considered in the light most favorable to Plaintiff, not to Experian.

Accordingly, the court finds that Plaintiff has satisfied her obligation to plausibly allege an inaccuracy on her credit report.

### ii. Damages

Plaintiff is pursuing statutory, actual and punitive damages. Experian argues the SAC's allegations are insufficient to support any form of damages. Experian is correct.

### a. Willfulness

The FCRA permits a plaintiff to recover either statutory or actual damages, as well as punitive damages, for willful violations of its requirements. 15 U.S.C. § 1681n(a). "The Supreme Court has clarified that, under Section 1681n, willfulness reaches actions taken in 'reckless disregard of statutory duty,' in addition to actions 'known to violate the Act.'" Syed v. M-I, LLC, 853 F.3d 492, 503 (9th Cir. 2017) (quoting Safeco, 551 U.S. at 56-57). "[W]illfulness or recklessness is a higher standard" than negligence. Collins v. Experian Info. Sols., Inc., 775 F.3d 1330, 1336 (11th Cir. 2015). "A party does not act in reckless disregard of the FCRA 'unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Syed, 853 F.3d at 503. The court may resolve a question of willfulness as a matter of law. Id.

Plaintiff's federal claim against Experian arises under § 1681i(a), which requires a CRA to conduct a "reasonable reinvestigation" to determine whether disputed information is accurate by

providing notification of the dispute to the furnishers of credit information, along with relevant information received by the consumer. The Ninth Circuit has observed the "reasonable reinvestigation" contemplated by § 1681i(a) "consists largely of triggering the investigation by the furnisher." Gorman, 584 F.3d at 1156. Indeed, CRAs "simply collect and report information furnished by others." Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1232 (9th Cir. 2010). They are not tribunals, and are not equipped to adjudicate disputes between consumers and the furnishers of credit information. Id.

Here, Plaintiff alleges Experian's conduct was willful because it has "instituted reckless policies and procedures and make inaccuracies inevitable." SAC, at ¶ 154. Plaintiff explains that Experian does not properly train its employees "on credit reporting industry standards," but expects employees to "rubber stamp" information provided by furnishers. Id. at ¶ 155. Plaintiff further alleges that Experian's reinvestigations are cursory, and that it "hires employees overseas in an effort to hide and or frustrate consumers' ability to actually confront the individual most responsible for investigating" disputes. Id. at ¶¶156, 157.

These allegations do not plausibly describe reckless disregard of the FCRA because Plaintiff's theory plainly seeks to impose obligations on Experian to which the language of § 1681i(a) is not susceptible, and for which there is no authoritative support from a court of appeals. See Syed, 853 F3d at 503-504. Under a reasonable reading of its terms, § 1681i(a) does not impose particular training on or adherence to industry standards, does not require that employees be available for confrontation, and does not imply that CRAs must adjudicate the truthfulness of information provided by furnishers. Moreover, other allegations in the SAC imply that Experian actually assumed the obligation to notify furnishers in the manner contemplated by § 1681i(a). SAC, at ¶¶ 103, 108. Though Plaintiff also alleges Experian failed to provide all necessary information in its notice to furnishers, the court need not accept this unadorned assertion without facts disclosing exactly what information Plaintiff believes was excluded.

Therefore, the court finds the SAC does not disclose a willful violation of the FCRA as a matter of law.

**b. Negligence**

A consumer may recover actual damages for negligent noncompliance with the FCRA. 15 U.S.C. § 1681o(a)(1). To do so, "Plaintiff must plead and prove actual damages resulting from Experian's violation of the FCRA." Harris v. Experian Info. Sols., Inc., No. 16-cv-02162-BLF, 2017 WL 1354778, at *8, 2017 U.S. Dist. LEXIS 57119 (N.D. Cal. Apr. 13, 2017).

Plaintiff identifies the following actual damages in the SAC: (1) emotional distress including "anxiety and frustration" over Experian's refusal to update her accounts, (2) diminished credit, and (3) "the cost of pulling the credit report at issue for the sole purpose of verifying accuracy" subsequent to the dispute process. SAC, at ¶ 160. Plaintiff also indicates in opposition to Experian's motion that she paid counsel to "to reorganize and repair [her] credit under Chapter 13," but has yet to receive the benefit of this bargain.

The first two types of damages are not sufficiently pled. Plaintiff's claim of emotional distress, anxiety and frustration is nothing more than a naked assertion; the SAC does not explain how Experian's purported violation of its duties under § 1681i(a) caused Plaintiff emotional distress. No one in a position to distress Plaintiff is alleged to have known about the inaccuracy on her credit report, and Plaintiff has not produced authority standing for the possibility of emotional distress damages under the FCRA when only the consumer is aware of an error.

The same is true of the allegation of diminished credit. The are no plausible allegations in the SAC explaining how Experian's conduct resulted in diminished credit that actually harmed Plaintiff, either because she was denied credit, lost credit, paid higher interest rates, or something else. And as another court has observed, Plaintiff's allegations do not show "it was defendants' assertedly inaccurate reporting, rather than plaintiffs' bankruptcy filing or other event, that resulted in any lowered credit score." Jugoz v. Experian Info. Sols., Inc., No. 16-cv-05687-MMC, 2017 WL 2720184, at *6, 2017 U.S. Dist. LEXIS 97656 (N.D. Cal. June 23, 2017). The SAC offers no facts to exclude the bankruptcy as an obvious and alternative explanation for Plaintiff's reduced credit score. See Eclectic Props. E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 996 (9th Cir. 2014) (holding that when considering plausibility, courts must also consider an "obvious

alternative explanation").

The last two types of damages are not recoverable in this context. The cost of obtaining another credit report to verify the accuracy of information does not flow from Experian's conduct since Plaintiff's allegations specify she would have incurred that cost no matter what the verification showed, and whether she sued Experian or not. Similarly, credit repair costs incurred by Plaintiff prior to notifying Experian cannot result from a violation of § 1681i(a) because Experian's reinvestigation duties were not triggered until Plaintiff sent her dispute. And to the extent Plaintiff relies on them as a form of damages, the court notes that attorneys fees and costs attributable to a successful FCRA claim are recoverable by statute rather than contemplated as compensatory damages. 15 U.S.C. § 1681o(a)(2).

In sum, the SAC's damages allegations are not plausibly pled.

### C.  Leave to Amend

The court must now determine whether Plaintiff should be permitted leave to file a third amended complaint against Experian. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). However, "[a] district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1129-30 (9th Cir. 2013).

The SAC's deficient damages allegations for a § 1681i(a) claim against Experian lead to a mixed result. On the one hand, allowing leave to amend the willfulness allegations, or the allegations claiming costs for a verifying credit report and for pre-notification legal services would be futile. There are no further facts that would permit the recovery of those forms of damages in this action.

But on the other, futility does not preclude leave to amend allegations of emotional distress and diminished credit. The court cannot yet find these allegations incapable of being remedied by amendment.

Consequently, the court will allow Plaintiff an opportunity to amend her damages

United States District Court
Northern District of California

allegations against Experian, but only as to her claims of emotional distress and diminished credit under a negligence theory.

## IV. ORDER

Based on the foregoing, Experian's Motion to Dismiss (Dkt. No. 71) is GRANTED. The FCRA claim asserted against Experian is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **September 6, 2017**, and must be consistent with this order. Plaintiff should observe in light of the preceding discussion that the scope of leave to amend is limited.

Plaintiff is advised the FCRA claim against Experian will be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline. If that occurs, this action will proceed on the remaining claims asserted in the SAC, with that document as the operative pleading.

The hearing scheduled for August 24, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: August 22, 2017

EDWARD J. DAVILA
United States District Judge