UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTHA LUGO,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>    Defendants. | Case No. 5:16-cv-04647-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 76 |

Plaintiff Martha Lugo ("Plaintiff") brings this action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25(a), against TD Bank USA, N.A. ("TD Bank"). Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is TD Bank's Motion for Judgment on the Pleadings. Dkt. No. 76. Plaintiff opposes the motion.

The facts alleged in the currently operative pleading, the First Amended Complaint ("FAC"), were recently detailed in a prior order and are not repeated here. Dkt. No. 79. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for September 21, 2017, is VACATED. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1. Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Judgment on the pleadings is proper when "'there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law.'" Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir.

2012) (quoting Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir.2009)).

The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. Id. Thus, a court must presume all facts alleged in the complaint as true, and determine whether the complaint demonstrates a plausible entitlement to a legal remedy. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)). It may also consider materials subject to judicial notice without converting the motion into one for summary judgment. United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008).

2. The FCRA imposes certain obligations on furnishers of credit information like TD Bank. To that end, the statutory scheme generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s-2(a). It also "expressly creates a private right of action for willful or negligent noncompliance with its requirements." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. §§ 1681n, 1681o).

3. A consumer cannot sue a furnisher based simply on the communication of inaccurate information. See id.; see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

4. Consequently, to state a claim under the FCRA against a furnisher, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4)

Case No.: 5:16-cv-04647-EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
2

the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Sols., Inc., No. 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

5. TD Bank argues it is entitled to judgment because its reporting of the account on Plaintiff's credit report was accurate. More specifically, TB Bank states it reported Plaintiff's account as included in and later discharged in her Chapter 13 bankruptcy. It further states that it did not report Plaintiff's account as "charged off," as Plaintiff has alleged in the FAC. TD Bank relies on attachments to its Answer, which it believes support its position. Based on the entire record presently before the court, however, this contention fails. Though TB Bank has produced its own documents to show what it claims is accurate reporting of Plaintiff's account, the court has previously taken judicial notice of Plaintiff's credit report as of July 30, 2016, which plainly shows the status of the relevant account as "charge-off." Dkt. Nos. 72, 79. Thus, the accuracy of TD Bank's reporting is genuinely disputed fact precluding judgment on the pleadings. See Chavez, 683 F.3d at 1102.

6. Nor does TD Bank's alternative argument fare any better. Relying on other district court decisions addressing *post-confirmation* reporting, TD Bank contends Plaintiff's allegations concerning *post-discharge* reporting cannot support an FCRA violation as a matter of law. The court recently rejected that argument, finding the distinction makes a difference. Dkt. No. 67. In addition, the court has ruled in response to another defendant's motion to dismiss that the FAC plausibly alleges an inaccuracy under the FCRA. Dkt. No. 79. On that issue, Plaintiff's credit report is again of particular importance because the entry corresponding to TD Bank's reporting makes no mention of Plaintiff's bankruptcy - even assuming, arguendo, it is not a violation of the FCRA to report historical defaults post-discharge. Indeed, the undersigned has maintained "the FCRA does not prohibit the accurate reporting of debts that were delinquent during the pendency of a bankruptcy action, even after those debts have been discharged, *so long as the bankruptcy discharge is also reported if and when it occurs*." Biggs, 209 F. Supp. 3d 1142, 1145 (N.D. Cal. 2016) (emphasis added). TD Bank, therefore, has not shown it is entitled to judgment as a matter

Case No.: 5:16-cv-04647-EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
3

of law on the FCRA claim. Because the FAC discloses a plausible inaccuracy without regard to the Metro 2 codes, TD Bank's argument on that issue need not be addressed.

7. As to the CCRAA claim, TD Bank recognizes it succeeds or fails along with the FCRA claim. See Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329, 1335 (9th Cir. 1995) ("The CCRAA mirrors the provisions of the FCRA."); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 889 (9th Cir. 2010). As this motion will be denied for the FCRA claim, it will also be denied for the CCRAA claim.

Based on the foregoing, the Motion for Judgment on the Pleadings (Dkt. No. 76) is DENIED.

**IT IS SO ORDERED.**

Dated: September 15, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04647-EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
4